# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA

    v.                                                                        Case Number:  EP:22-CR-00066-KC(1)
                                                                              USM Number: 80025-509

TERESA DE JESUS SANCHEZ-PEREZ

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, TERESA DE JESUS SANCHEZ-PEREZ**,** was represented by Elyse M. Bataller-Schneider**.**

The defendant pled guilty to Count One of the Indictment on February 10, 2022.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. 1546(a) - False Personation in Immigration Matters | December 21, 2021 | One |

As pronounced on March 28, 2022, the defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

SIGNED this 31st day of March, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

DEFENDANT:      TERESA DE JESUS SANCHEZ-PEREZ
CASE NUMBER:    EP:22-CR-00066-KC(1)

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time served while in custody for this federal offense.

**RETURN**

    I have executed this Judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

United States Marshal

By _____
    Deputy Marshal

DEFENDANT:         TERESA DE JESUS SANCHEZ-PEREZ
CASE NUMBER:       EP:22-CR-00066-KC(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on non-reporting supervised release for a term of three years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special and/or additional conditions on the attached pages that have been adopted by this Court.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. You shall submit to the collection of a DNA sample from you at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (*check if applicable*)
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

DEFENDANT:           TERESA DE JESUS SANCHEZ-PEREZ
CASE NUMBER:         EP:22-CR-00066-KC(1)

# STANDARD CONDITIONS OF SUPERVISED RELEASE

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (Rev. TXW 09/19) Judgment in a Criminal Case                                                                 Judgment -- Page 5 of 7

DEFENDANT:        TERESA DE JESUS SANCHEZ-PEREZ
CASE NUMBER:      EP:22-CR-00066-KC(1)

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

X    If ordered deported from the United States, the defendant must remain outside the United States. If the defendant re-enters the United States or is released from confinement or not departed, he or she must report to the nearest probation office within 72 hours and the defendant shall be placed on reporting supervised release.

AO 245B (Rev. TXW 09/19) Judgment in a Criminal Case  Judgment -- Page 6 of 7

DEFENDANT: TERESA DE JESUS SANCHEZ-PEREZ  
CASE NUMBER: EP:22-CR-00066-KC(1)

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

NOT APPLICABLE.

DEFENDANT:          TERESA DE JESUS SANCHEZ-PEREZ
CASE NUMBER:        EP:22-CR-00066-KC(1)

## **CRIMINAL MONETARY PENALTIES/ SCHEDULE**

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, Attn: Mail Log, Albert Armendariz, Sr. United States Courthouse, 525 Magoffin Avenue, Suite 105, El Paso, TX, 79901 or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through Pay.gov (link accessible on the landing page of the U.S. District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW322CR000066-001 to ensure proper application to your criminal monetary penalty**. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|              | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS:** | $.00 | $.00 | $.00 | $.00 | $.00 |

### **Special Assessment**

Pursuant to 18 U.S.C. § 3573, the Government moves to remit the special assessment.  Therefore, the Court does not impose a special assessment.

### **Fine**

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.